### 18464. NASWORTHY v. ALFORD.

JENKINS, P. J. 1. "A petition showing a plaintiff and a defendant, and setting out sufficient to indicate and specify some particular fact or transaction as a cause of action, is enough to amend by. The jurisdiction of the court may be shown, and the details and circumstances of the particular transaction may be amplified and varied by amendment. If the declaration omit to allege facts essential to raise the duty or obligation involved in the cause of action which was evidently originally intended to be declared upon, the omitted fact may be supplied by amendment." Civil Code (1910), § 5682. Accordingly, where the original petition sought a recovery by Nasworthy against Alford by way of contribution on account of the plaintiff's having paid off a specified firm debt incurred by the firm of Nasworthy & Alford, and where the petition alleged "that T. J. Nasworthy and Horace Alford *composes* the firm of Nasworthy & Alford, which *was* located at Midville, Burke County, Georgia," it was error not to allow an amendment to the petition striking the word "composes" and substituting in lieu thereof the word "composed," and specifically setting forth that prior to the institution of the suit the partnership had been dissolved by mutual consent and its affairs settled with the exception of the indebtedness sued on, since the purpose and effect of the amendment could at most have been merely to correct a mistake or misdescription in matters of inducement, and since the original use of the ungrammatical word "composes" was manifestly a mere typographical error with reference to the firm which "was" located at Midville.

2. The petition, as sought to be amended, showing a termination of the partnership and a winding up of the partnership affairs so as to give rise to the right of the plaintiff to sue his former partner at law on account of an indebtedness growing out of the affairs of the former partnership, the court erred in rejecting the proffered amendment, and in thereafter dismissing the petition.

*Judgment reversed. Stephens and Bell, JJ., concur.*

DECIDED JUNE 15, 1928.

*Price, Spivey & Edenfield,* for plaintiff.
*Alford & Williams,* for defendant.